MILBURN-DAVIS GROCER CO., APPELLANT, v. D. E. HOWARD,
RESPONDENT.*

In the Springfield Court of Appeals. Opinion filed January 7, 1927.

1.—**Principal and Agent—Bills and Notes—Circumstances Held to Constitute Conversion and Payment of Note.** A creditor's surrender of a note, left with it by the debtor for collection and application of the proceeds on his note to it, and taking of a new note from the maker in the creditor's name for the same amount, without the debtor's consent, amounted to a payment of the note surrendered, being a conversion thereof.

2.—**Justices of the Peace—Filing of Counterclaim Held Unnecessary.** Where a new note, taken by a creditor at the time of surrendering a note left with it by the debtor for collection and application of the proceeds on his note to it did not equal the amount of his debt, he could treat the transaction as a payment of the note surrendered and require a credit of the amount of the new note on his debt as of the date the creditor took it, without filing a counterclaim when sued on his note in a justice court, where no formal pleadings are required.

3.—**Principal and Agent—Bills and Notes—Conversion of Note—Measure of Damages.** A creditor converting a note, left with it by its debtor for collection and application of the proceeds on his note, by surrendering the former note to the maker and taking a new note in its own name for the same amount, without the debtor's consent, fixed the value of the note surrendered, and cannot be heard to say that it was worth less than its face value, in an action on the debtor's note.

*Corpus Juris-Cyc. References: Agency, 2CJ, p. 728, n. 74 New; Justices of the Peace, 35CJ, p. 622, n. 61; Payment, 30Cyc, p. 1193, n. 16; Trover and Conversion, 38 Cyc, p. 2098, n. 72.

Appeal from the Circuit Court of Lawrence County.—Hon. Charles L. Henson, Judge.

AFFIRMED.

*James E. Sater* for appellant.

The peremptory instruction asked by the plaintiff at the close of all the testimony should have been given and likewise the instruction declaring the taking of the Ledl note of plaintiff did not constitute payment. The following elements are necessary for payment: (1) a delivery; (2) by the debtor or his representative; (3) to the creditor or his representative; (4) of money or something accepted by the creditor equivalent thereof; (5) with the intention on the part of the debtor to pay the debt in whole or in part, and (6) accepted as payment by the creditor. 30 Cyc. 1181. It is well-settled law of this State that the taking of a bill of exchange or note is not payment unless the creditor expressly agrees to take it as payment. Berkshire

v. Hoover, 92 Mo. App. 353. In the absence of an express agreement to that effect the note does not operate to extinguish the indebtedness. Harvesting Company v. Blair, 146 Mo. App. 379. If plaintiff incurred any liability (which we deny) the liability must be enforced not as a payment, but as a counterclaim for damages. If there is any liability it certainly would be on the theory of conversion. The measure of damages for the conversion of the collateral notes was their value when converted which is recoverable by counterclaim. Richardson v. Ashby, 132 Mo. 239. The law seems to be that a pledgee, in cases of this character, when sued for a conversion of the pledged collateral, is entitled to have the debt secured by such collateral set off against the amount of damages recoverable. Hornsby v. Knorpp, 232 S. W. 782. An unlawful dealing with the pledge in antagonism to the pledgor's right constitutes a breach of the contract which may be treated as a conversion of his property and may bring an action for damages. Schaff v. Fries, 90 Mo. App. 116. The measure of the damages is for the fair value of the property. Ala. & Ga. Mfg. Co. v. National Bank, 14 Mo. App. 575.

*D. S. Mayhew* for respondent.

Where a pledgee without the consent of the debtor renews or extends a note placed as collateral or for collection, or surrenders such note and takes new security, he must account to his debtor as if he had collected it in full. Gage v. Punchart, 6 Daly 229; Nexsen v. Lyell, 5 Hill 466; Southwick v. Sax, 9 Wend. 122; Depuy v. Clark, 12 Ind. 427. Where property given as a pledge or security for a debt is parted with against the will of the surety or without his knowledge, it will discharge the surety of the amount of the property surrendered. Joyce, Defenses on Commercial Paper (1 Ed.), pp. 475 and 476, sec. 369. Where the creditor transfers the security, he will be presumed to have substituted it for the debt, and if the creditor converts the security so as to be unable to deliver it when the debtor is willing to pay the amount thereof, it must be credited upon the amount of the debt. 30 Cyc. 1193; Cocke v. Chaney, 14 Ala. 65; Hawks v. Hinchcliff, 17 Barb. 492; Aston's Appeal, 73 Pa. St. 153. The acceptance of a stranger's note is satisfaction of a debt and discharge of the debtor. St. John v. Purdy, 1 Sandf. 9; Conklin v. King, 10 N. Y. 440. A party will not be allowed to recover on the original note and at the same time retain or fail to turn over to the defendant a note given therefor. Schepflin v. Dessar, 20 Mo. App. 569; McMurry v. Taylor, 30 Mo. 263. There can be no recovery of the original cause of action where a note is given, even as conditional payment, without the production and tender of the note at the trial. O'Bryan v. Jones, 38 Mo. App. 90. The taking of a renewal note

is satisfaction of an old one, marking the old one "paid" across its face, discharges the makers of the old note from liability thereon. State ex rel. v. Allen, 124 Mo. App. 465. The appellant in this case seems to take the position that we should have filed a counterclaim. There is no counterclaim in this case as we have elected to plead payment to the amount of the note converted. Stevens v. Wiley, 43 N. E. 177; Dewey v. Bell, 5 Allen 165; Freeman v. Benedict, 37 Conn. 559; Garlick v. James, 12 Johns 146.

COX, P. J.—Action upon a note. Defendant offered to allow judgment to go for $31.57. This was not accepted by plaintiff. A jury was waived and trial had before the court. The court sustained defendant's position and rendered judgment for $31.57 in favor of plaintiff and costs up to the time defendant filed his offer to allow judgment for that amount, and rendered judgment against plaintiff for the costs accruing thereafter. Plaintiff appealed.

Defendant had left with plaintiff certain notes held by him which plaintiff was to collect, if it could, and apply the amount collected on defendant's note. One note thus left with plaintiff was for the sum of $80.08. When this note came due the plaintiff surrendered it to the maker and took from him a new note payable to plaintiff in ninety days thereafter for the same amount. This was done without the knowledge or consent of defendant. The plaintiff gave no credit upon the note of defendant by reason of having taken a new note from that party. Shortly thereafter the maker of this new note to plaintiff went into bankruptcy and plaintiff did not collect it.

The court in the trial of this case held that when plaintiff, without the consent of the defendant, took a new note in its own name and surrendered to the maker the note payable to defendant it amounted to a payment to plaintiff of the note left with it for collection by defendant. In this we think the court was right. The surrender of the old note to the maker and taking therefor the new note in the name of plaintiff was, to say the least, a conversion of the note left with plaintiff by defendant for collection and had the amount of that note exceeded the amount of defendant's indebtedness to plaintiff, the defendant could have recovered the balance against plaintiff. [Richardson v. Ashby, 132 Mo. 238, 33 S. W. 806; Hornsby v. Knorpp, 207 Mo. App. 302, 232 S. W. 776.]

It is contended by appellant that defendant cannot avail himself of the conversion of the note left with plaintiff for collection by him and cannot require it to be credited as a payment on his note, but could only reach the liability of plaintiff therefor, if liability existed, by filing a counterclaim, and since none was filed in this case the defendant cannot take advantage of plaintiff's action in surrendering the old note and taking a new note in its stead. This case was begun

before a justice of the peace where no formal pleadings are required, and since the new note taken by plaintiff at the time the old one was surrendered to the maker did not equal the amount of defendant's debt to plaintiff we think defendant, when sued upon his note to plaintiff, had the right to treat plaintiff's action in surrendering to the maker the note left by defendant with plaintiff for collection and taking a new note in its own name, as a payment on the old note and require that a credit be entered on his debt of the amount of the new note as of the date the plaintiff took it and surrendered the old note to the maker thereof. [30 Cyc. 1193, and cases there cited.]

Appellant makes the point that if plaintiff's action is to be treated as a conversion of the note left with it by defendant, then the measure of damages is the value, at the time, of the note converted and since there is no evidence of that value except the fact that the maker of it went into bankruptcy soon after giving the *new note* to plaintiff, defendant cannot now claim a credit for the face value of the note. The answer to that is that plaintiff took a *new note* in its own name for the face value of the note converted and thereby fixed the value of the old note at that time. If plaintiff was willing to surrender the old note for a new one in the same amount and did this without the consent of the defendant it cannot now be heard to say that the note converted was of less value than its face.

The judgment is for the right party and should be affirmed. It is so ordered. *Bradley* and *Bailey, JJ.,* concur.